### R. J. DAVIS ET AL. *v.* E. S. WATSON ET AL.

1. CHANCERY. *Jurisdiction. Bill to review decree of extinct court.*
   The Chancery Courts organized under the Constitution of 1869 have jurisdiction of a bill to review a decree rendered by the equity side of the Circuit Court prior to the adoption of that Constitution.

2. SAME. *Commissioner's sale. Purchaser's vendee. Not affected by irregularities.*
   The vendee of the purchaser at a sale under a chancery decree is not affected by irregularities in the proceedings of which he had no notice.

APPEAL from the Chancery Court of Tallahatchie County. Hon. J. C. GRAY, Chancellor.

This was a bill of review filed Aug. 1, 1876, in the Chancery Court of Tallahatchie County, to review a decree rendered by the equity side of the Circuit Court of said county, on May 25, 1867. The defendants demurred, and the error here assigned is the action of the Chancellor in sustaining the demurrer and dismissing the bill.

*W. B. Helm* and *T. H. Somerville,* for the appellants.

1. The case of *Cole* v. *Miller,* 32 Miss. 89, which is based on the amendment to the Constitution of 1832, adopted Feb. 6, 1856, abolishing the District Chancery Court, except "for the disposition of causes now depending therein," and the verbiage of contemporaneous legislation upon the subject, is not authority to the point that the present Chancery Courts, organized under a broader constitutional provision and a more comprehensive statute (Acts 1870, p. 54, § 25), have not jurisdiction of a bill to review a decree of the equity side of the former Circuit Court; but the case of *Jacks* v. *Bridewell,* 51 Miss. 881, is a decision that they have that jurisdiction.

2. The other ground of demurrer is submitted without argument.

*Golladay & Freeman,* and *Fitz Gerald & Marshall,* for the appellees.

1. The amendment to the Constitution of 1832, adopted in 1856, Code 1857, p. 38, is similar enough in its language to § 3, Schedule of Constitution of 1869, Code 1871, p. 668, in intended pursuance of which Acts 1870, p. 54, § 25, was passed, to make *Cole* v. *Miller,* 32 Miss. 89, an authority against the jurisdiction of the Chancery Court to entertain this bill of review; and the case of *Jacks* v. *Bridewell,* 51 Miss. 881, which was decided without noticing that case, was under a special statute, which, in the language of the court, caused the case in one particular to continue pending. The appellants do not fall within Code 1871, §§ 1070, 1071, 1264, under which *Jacks* v. *Bridewell, ubi supra,* was decided. *McAllister* v. *Plant,* 49 Miss. 628. The word "depending" was defined in *Cole* v. *Miller, ubi supra.* With that fixed meaning it was used by the framers of the Constitution of 1869, who, it must be presumed, knew the adjudged meaning of the word. *Hall* v. *Wells, ante,* 289.

2. A bill of review reaches only irregularities. By irregularities the defendants, vendees of the purchasers at the commissioner's sale without notice, are not affected. The demurrer was, therefore, properly sustained. *Friley* v. *Hendricks,* 27 Miss. 417, 418.

CHALMERS, J., delivered the opinion of the court.

The principal question presented by the demurrer is whether a bill of review can be filed in the Chancery Courts created by and organized under the Constitution of 1869, to review and revise a decree rendered in the Chancery Courts existing before the adoption of that Constitution.

We think that our present Circuit and Chancery Courts are jointly the successors of the tribunals which, under the old Constitution, exercised both common-law and equity jurisdiction, keeping them, however, entirely distinct, and really constituting two courts, presided over by a single judge. By the adoption of the new Constitution, and the consequent creation of separate courts of law and equity, these new tribunals became the successors of, and fell heir to, all the business and jurisdiction of the one court which they superseded; the new Chancery Court acquiring that which belonged to the chancery side, and the Circuit Court that which appertained to the common-law side of the old court.

By the schedule to the Constitution of 1869 it was directed that " the legislature shall provide for the removal of causes now pending in the courts of this State," (under the former Constitution) " to courts created by or under this Constitution; " and in obedience to this requirement the legislature, by the twenty-fifth section of the act of May 4, 1870 (Acts 1870, p. 54), directed " that all causes and proceedings remaining undisposed of in the Chancery or Court of Probates of each county shall be transferred to the Chancery Court of the county." The same result would have followed independently of the schedule or the statute. If there had been no such schedule annexed to the Constitution, the creation by that instrument of our present Chancery Courts, and the conferring upon those tribunals of the entire jurisdiction formerly possessed by the superseded courts, must of itself be held to have carried the power to dispose of the cases then pending, and, as a necessary incident thereto, the full right to exercise any powers in relation to the business in those courts which they themselves could have exercised. *Jacks* v. *Bridewell*, 51 Miss. 881. One of these powers was the right to entertain bills to review cases previously decided. This right

passed, with the equity jurisdiction, to the new courts. The Probate Court and the old Chancery Court were simply merged, with all their duties and powers unimpaired, in the present Chancery Court. The one was the heir and successor of the other two.

It was held in the case of *Cole* v. *Miller*, 32 Miss. 89, that, under the amendment to the Constitution of 1832, adopted in 1856, the Chancery Courts, which by that amendment succeeded the old Superior and Vice-Chancery Courts, could not entertain jurisdiction to review a cause which had been decided in the superseded courts. The decision was based upon the idea that the amendment provided only " for the transfer of all causes that may remain undetermined therein, to other courts for final decision; " and that inasmuch as a bill of review was an original bill brought to revise a case already decided, it would not lie in the new courts. The view which we take of our present Constitution renders it unnecessary for us to consider the correctness of that decision.

The other ground of demurrer is that the defendants, the present holders of the land, who are vendees of the purchasers at the commissioner's sale, which took place under the decree sought to be vacated, cannot be affected by irregularities in those proceedings. The point is well taken. Besides the irregularities charged, however, there is a charge that the land had been sold for a debt which had been fully paid. It is charged, also, that the present holders of the land had full knowledge of the title of their vendors. It is possible that the complainants mean by this that the present holders had full knowledge of the complainants' equities to vacate the decree. We will, therefore, affirm the decree so far as it sustains the demurrer, but reverse so much of it as dismisses the bill, giving leave to the complainants to amend as they may be advised. The bill, if not amended in ninety days, shall stand dismissed, and the complainants shall pay costs incurred in both courts.

*Decree accordingly.*